FIRST FIDELITY
BANCORPORATION, Plaintiff,

v.

FIRST FIDELITY CAPITAL
CORP., Defendant.

Civ. A. No. 88–5169.

United States District Court,
D. New Jersey.

July 28, 1989.

Steven S. Radin, Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, Newark, N.J. and Dann, Dorfman, Herrell & Skillman, Philadelphia, Pa., for plaintiff.

Samuel Louis Sachs, Sachs & Sachs, East Windsor, N.J., for defendant.

## OPINION

WOLIN, District Judge.

Currently before the Court is the motion of plaintiff, First Fidelity Bancorporation, for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of all counterclaims raised by defendant, First Fidelity Capital Corp., based on the failure to state a claim upon which relief can be granted. Alternatively, plaintiff seeks dismissal of defendant's counterclaims by entry of summary judgment in

its favor. For the reasons set forth below, plaintiff's motion for summary judgment is granted as to all three counterclaims.

## I. BACKGROUND

Plaintiff, First Fidelity Bancorporation ("First Fidelity" or "plaintiff"), is an interstate bank holding company with a number of subsidiaries operating under names which include the words "First Fidelity." [1] Plaintiff's "First Fidelity Capital Corporation" provides commercial lending services, and its non-banking subsidiaries include entities which provide insurance, capital financing, commercial mortgage banking services, and community development assistance. J. Roger Williams Affidavit, at ¶ 7.

Plaintiff is the owner of Federal Service Mark Registration No. 1,431,461 for the mark "FIRST FIDELITY & DESIGN." Plaintiff and its subsidiaries utilize this mark in connection with banking and financial services, and believe that the public has come to associate the "FIRST FIDELITY" names and marks with plaintiff as indication of the source of plaintiff's services, and to symbolize the quality of those services. Williams Affidavit, at ¶ 12.

Defendant, First Fidelity Capital Corp. ("FFCC"), is a New York corporation that has been engaged in the business of brokering stocks, mutual funds and insurance since November 1985. FFCC has utilized the mark "FIRST FIDELITY CAPITAL CORP." since June 1986.[2] However, plaintiff claims that prior to filing the instant action, it determined that defendant's incorporation under the "First Fidelity Capital Corp." name was subsequent in time to plaintiff's earlier use of its "FIRST FIDELITY" names and marks. Williams Affidavit, at ¶¶ 3, 7 & 8.

Defendant claims that it selected the mark because the individual words thereof conveyed a desirable connotation arising from their historical and descriptive use in the financial industry. Moreover, defendant claims that it adopted the mark with the belief that the individual words thereof, in various combinations or individually, were in common use and were in the public domain. Rubin Affidavit, at 1.

Defendant apparently ordered a corporate name search prior to its selection of the mark in question. The search, defendant contends, revealed numerous other businesses utilizing various combinations of the words "Fidelity," "First," and "Capital" to identify their services. Rubin Affidavit, at 2. Defendant further claims that it is not in direct competition with plaintiff's subsidiary, and is not aware of any customer confusion as to the identity of, or source of services offered by plaintiff and its subsidiaries and FFCC. *Id.*

Plaintiff filed the present suit based on its belief that defendant's "First Fidelity Capital Corp." name is confusingly similar to plaintiff's family of "FIRST FIDELITY" names and marks, and is being used in connection with services which are competitive with or closely related to those of plaintiff. More specifically, plaintiff has alleged federal trademark infringement (15 U.S.C. § 1114); false designation of origin and false description (15 U.S.C. § 1125(a)); and common law unfair competition. Defendant has counterclaimed alleging abuse of process; federal unfair competition (15 U.S.C. § 1125); and New Jersey unfair competition (N.J.S.A. 56:4–1 *et seq.*). It is with regard to these counterclaims that plaintiff now seeks dismissal or, alternatively, summary judgment.

## II. STANDARDS FOR DISMISSAL AND SUMMARY JUDGMENT

A motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim will be granted where it is clear that the claimant can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). When matters outside the plead-

---

**1.** Plaintiff's banking and non-banking subsidiaries include First Fidelity Bank, N.A., New Jersey; First Fidelity Trust, N.A., New York; First Fidelity Brokers, Inc.; First Fidelity Bank, South; First Fidelity Bank, North; First Fidelity

Bank, Princeton; First Fidelity Bank, N.A., Florida; and First Fidelity Capital Corporation, which is the subject of the present dispute.

**2.** Defendant claims that plaintiff's mark was not registered until October 3, 1986.

ings are presented to and not excluded by the court, such motion shall be treated as one for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56.

Summary judgment will be granted when the moving party proves that there are no genuine issues of material fact to be resolved at trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where an examination of the facts demonstrates that the non-moving party will be unable to prevail on its claims at trial, summary judgment is warranted. The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 106 S.Ct. at 2510 (emphasis in original). The disputed facts must be material to the resolution of the matter. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial." *Matsushita Electric Industrial v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

In light of the affidavits submitted to this Court, the present motion will be treated as one for summary judgment.

### III. DEFENDANT'S ABUSE OF PROCESS COUNTERCLAIM

Defendant's first counterclaim alleges that plaintiff has no basis for asserting rights in the "FIRST FIDELITY" names and marks. Moreover, defendant claims that plaintiff knew it that it did not have the right to exclude defendant from using the mark "First Fidelity Capital Corp.," and that plaintiff initiated the present suit solely to harass defendant and to inhibit competition. Under New Jersey common law,

> malicious abuse of process lies for the employment of process in a manner not contemplated by law. Regular and legitimate use of process, though with a bad intention, is not malicious abuse of process.

*ADM Corp. v. Speedmaster Packaging Corp.*, 384 F.Supp. 1325, 1349 (D.N.J.1974).

The court in *ADM* stated further that the perverted use of process must be made in pursuit of an ulterior motive. *Id.* Where the use of process is not improper, any alleged ulterior motive is immaterial. *Id.* Moreover, the Court noted that the legal pursuit of one's right, regardless of the motive, cannot be deemed either illegal or inequitable. *Id.*

In the case at bar, defendant's first counterclaim alleges an improper motive on the part of plaintiff, but fails to allege the improper use of this Court's process required to sustain a claim for abuse of process. Moreover, defendant has failed to provide specific factual support for its claim that plaintiff acted in pursuit of an improper motive by filing the present suit against defendant. In addition, defendant concedes that plaintiff did not misappropriate an earlier service mark from defendant, and defendant does not assert prior use or exclusive rights to its mark over plaintiff. Defendant's "First Fidelity Capital Corp." name is almost identical to plaintiff's "First Fidelity Capital Corporation" and is used in connection with services substantially similar to those offered by plaintiff. Upon discovery of such similarity, plaintiff was indeed justified in seeking to litigate and protect any right it believes it may have in its "FIRST FIDELITY" and "FIRST FIDELITY CAPITAL CORPORATION" names and marks.

This Court will, therefore, grant summary judgment in favor of plaintiff of defendant's first counterclaim.

### IV. DEFENDANT'S FEDERAL UNFAIR COMPETITION CLAIM

In its Second Counterclaim, defendant alleges that plaintiff has falsely represented to the defendant, to the public, and to this Court that it has exclusive rights to the words "first fidelity" apart from any design. Defendant's Brief in Opposition, at 8. Defendant claims that through the present suit, plaintiff is improperly seeking to remove the words "FIRST FIDELITY" and "FIRST FIDELITY CAPITAL" from

the public domain, and is thereby stifling competition in violation of 15 U.S.C. § 1125 (§ 43 of the Lanham Act). The precise language of that section in part provides:

Any person who shall affix, apply, or annex, or use in connection with any goods or services ... a false description or representation ... shall be liable to a civil action ... by any person who believes that he or she is likely to be damaged by use of any such false description or representation.

Plaintiff contends that the cited statute is directed toward situations involving consumer confusion or deception, and that § 1125 provides a remedy only against unfair competitive practices which involve actual or potential deception of the public. One court has in fact held that "the gist of a § 1125(a) action lies in the likelihood or confusion to the public which would have the effect of appropriating the goodwill associated with the competitor's trademark and products." *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 1 U.S.P.Q.2d 1722, 1728 (D.Mass.1986); *see Tyco Industries, Inc. v. Lego Systems, Inc.*, 5 U.S.P.Q.2d 1023, 1029, 1987 WL 44363 (D.N.J.1987); Plaintiff's Reply Memorandum, at 9–10. In the present matter, uncontradicted affidavit evidence establishes that plaintiff has never made contact with any of defendant's customers, and plaintiff contends that defendant's unfair competition claim is frivolous in that it fails to prove or even allege consumer confusion. Plaintiff's Reply Memorandum, at 11.

■ This Court agrees. The instant defendant's claims are clearly inconsistent with the plain language of the statute (§ 1125 of the Lanham Act). However, regardless of any failure to properly state a claim, defendant has merely raised defenses which may be important to the ultimate disposition of this matter, but defendant fails to raise any material factual issues in dispute which would prevent this Court from granting summary judgment in favor of plaintiff on the present motion. As plaintiff has stated, it maintains numerous entities performing a variety of banking and non-banking services, all of which

had been in operation before defendant changed its name to "First Fidelity Capital Corp.," and defendant, as the latecomer competitor, is legally obligated to differentiate its mark form the mark of a senior user to avoid the likelihood of confusion. *See McNeil Laboratories, Inc. v. American Home Products Corp.*, 193 U.S.P.Q. 486, 489–90 (D.N.J.1976). Such prior use, accompanied by defendant's failure to meet the plain language of the statute, and failure to raise material issues of fact, leads this Court to grant summary judgment in favor of plaintiff as to defendant's Second Counterclaim.

## V. DEFENDANT'S NEW JERSEY UNFAIR COMPETITION CLAIM

In its Third Counterclaim, defendant again alleges that the present suit constitutes an attempt on the part of plaintiff to stifle competition and remove the words "FIRST FIDELITY" and "FIRST FIDELITY CAPITAL" from the public domain in violation of N.J.S.A. 56:4–1 *et seq.*

That section provides:

No merchant, firm or corporation shall appropriate for his or their own use a name, brand, trademark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals.

Defendant asserts that the New Jersey statute does not require that an entity claiming under it have superior or exclusive rights to the name, mark, etc., and thus an equal right is protected. Defendant's Memorandum in Opposition, at 14. Defendant acknowledges that it does not have exclusive rights or prior use of its mark over plaintiff, but believes that it has an *equal* right to the mark and that plaintiff has misappropriated its equal right. Defendant asserts that it may use all language which is not proprietary, and that its use of the non-proprietary words "First Fidelity Capital Corp." is proper and deserving of protection under N.J.S.A. 56:4–1, *et seq.*

To the contrary, plaintiff contends that the above statute does not apply to the situation at bar in that plaintiff is not a "dealer" of any trademarked product or

service. Williams Affidavit, ¶ 15. Moreover, plaintiff could not have appropriated the trademark or goodwill of defendant as contemplated by N.J.S.A. 56:4–1, and the statute literally does not apply in the manner pleaded by defendant. Plaintiff's Memorandum in Support, at 12.

Plaintiff also asserts that the thrust of defendant's Third Counterclaim is that plaintiff brought this action in bad faith, without reasonable grounds, in order to suppress competition and to deprive defendant and the public from the use of the words "FIRST FIDELITY" and "FIRST FIDELITY CAPITAL." However, due to the great similarity of the parties' names, marks, and services, and plaintiff's earlier use of "FIRST FIDELITY" in its names and marks, plaintiff believes that its position that confusion may result is prima facie reasonable. Plaintiff's Memorandum in Support, at 12. This Court agrees.

Plaintiff cites several cases in support of its position which have held that in situations where an original trademark owner is simply attempting to protect its rights in a mark in good faith, claims of injury by the defendant based on suppression of competition are routinely rejected. *Miller Brewing Co. v. Anheuser Busch, Inc.,* 676 F.Supp. 1436, 6 U.S.P.Q.2d 1481 (E.D.Wisc. 1987); *see Coca–Cola Co. v. Overland,* 692 F.2d 1250, 216 U.S.P.Q. 579 (9th Cir.1982) (defendant's counterclaims were dismissed by summary judgment where plaintiff was seeking only to protect its trademark). Plaintiff's Memorandum in Support, at 13.

■ In the matter at bar, plaintiff is seeking to protect its common law rights to use the words "FIRST FIDELITY" and "FIRST FIDELITY CAPITAL." Having established prior use of that service mark, plaintiff could not possibly have misappropriated defendant's earlier service mark as contemplated by N.J.S.A. § 56:4–1, and is, therefore, entitled to summary judgment as to defendant's Third Counterclaim.

## VI. DEFENDANT'S REQUEST FOR FURTHER DISCOVERY

■ Defendant has indicated that further discovery is necessary to support its claims against plaintiff. However, in that connection, defendant is obligated by Fed. R.Civ.P. 56(f) to demonstrate by affidavit the unavailability of present facts essential to its opposition. In addition, defendant must specify reasons justifying the unavailability of present facts. In the present matter, defendant has failed to comply with Rule 56(f) and instead claims that it expects to acquire information to support its claims. As plaintiff notes, defendant should not be permitted to engage in a "fishing expedition" based on mere allegations coupled with the hope of uncovering supporting evidence. See *First National Bank v. Cities Service Company,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). Therefore, defendant's request for discovery is denied as summary judgment is granted in favor of plaintiff.